**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Samantha L. Wertman,                         ) | |
|         Plaintiff,          ) | |
|            )  | |
| vs.                                          ) | Case No. |
|            ) | |
| TransCor America, LLC, a wholly              ) | JURY TRIAL DEMANDED |
| owned subsidiary of CoreCivic, Inc.          ) | |
|         Defendant.        ) | |

## COMPLAINT

Plaintiff Samantha L. Wertman, by and through her attorney, Patricia A. Podolec, alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff, Samantha L. Wertman ("Ms. Wertman" or "Plaintiff"), is a resident of the City of Cushing, Payne County, State of Oklahoma, and the actions alleged all took place in Payne County.

2.    On information and belief, Defendant, TransCor America, LLC ("TransCor") is a wholly owned subsidiary of CoreCivic, Inc., located in Nashville, Tennessee, and can be served by its service agent, The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

3.    This is an action for sex discrimination, violations of the Pregnant Workers Fairness Act (PWFA), and violations of the Providing Urgent Maternal Protections for Nursing Mothers Act (PUMP Act) against TransCor America, LLC ("TransCor"), Plaintiff's former employer.

1

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, the PWFA, and the PUMP Act.

5.    Venue is proper in this district pursuant to  because the events giving rise to this claim occurred in this district.

6.    Plaintiff received her Notice of Rights from the EEOC on May 27, 2025, and this Complaint is timely filed. *See* Ex. 1: Notice of Rights.

## FACTUAL BACKGROUND

7.    Ms. Wertman was employed by TransCor in Cushing, Oklahoma, from July 31, 2022, until her resignation on October 17, 2023,

8.    Upon returning from maternity leave on September 19, 2023, Ms. Wertman informed TransCor of her need for a private place to express breast milk.

9.    TransCor failed to provide a private, sanitary, and secure location for Ms. Wertman to express breast milk, instead suggesting unsuitable locations such as a locker room and a metal shipping container.

10.    The locker room offered was not private or sanitary, as it was accessible to employees and inmates, and lacked adequate facilities to ensure the cleanliness of Ms. Wertman's pumping equipment and she was given a curtain to shield her in the corner of the locker room.

11.    The storage bin was set up as a breakroom for all of the guards and there was no refrigerator in it.  Ms. Wertman, on information and belief, understands a refrigerator was put in the shipping container after she was forced to resign.

12. Ms. Wertman was using her car to pump as it was the only private place, but it was in the employee parking lot, where employees would pass by.

13. She was first told that she had to clock out to pump, which she did, so was not paid while she pumped, although other employees were paid for their breaks.

14. While she was pumping, her male supervisor came looking for her and knocked on her car window. She told him to step back, which he did not do. Her male supervisor was aware that she was clocked out.

15. Ms. Wertman tried to work with Defendant's Human Resources Department (HR). HR told her they were coming to the facility but did not say when.  They did arrive after her shift was over and she had gone home and they then left the next day.  They did not meet with Ms. Wertman.

16. Ms. Wertman was forced to resign on October 17, 2023, due to TransCor's failure to accommodate her breastfeeding needs, which affected her milk supply and caused her emotional distress.

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII AND THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA)

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17, as if fully set forth herein.

18. Defendant has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is a covered employer under the Title VII and Oklahoma's Anti-Discrimination Act.

19.    Plaintiff has exhausted her administrative remedies, and this matter was timely filed.

20.    TransCor discriminated against Ms. Wertman based on her sex by failing to provide reasonable accommodations for her breastfeeding needs, which is a violation of Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act.

21.    She is aware that male employees were accommodated as needed.

22.    She was forced to resign in order to ensure her health and the health of her baby.

23.    As a result of Defendant's unlawful actions, Ms. Wertman has lost wages and benefits, and sustained damage to her reputation and career.

24.    Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

25.    Plaintiff is entitled to an award of attorney fees and costs.

26.    Plaintiff is entitled to post-judgment interest on all sums including attorney fees and costs awarded in this suit.

## COUNT II: VIOLATION OF THE PWFA

27.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 though 26 as if fully set forth herein.

28.    TransCor violated the PWFA by failing to provide reasonable accommodations for Ms. Wertman's known limitations related to pregnancy and childbirth, specifically her need to express breast milk.

29.    As a result of Defendant's unlawful actions, Ms. Wertman has lost wages and benefits, and sustained damage to her reputation and career.

30.    Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

31.    Plaintiff is entitled to an award of attorney fees and costs.

32.    Plaintiff is entitled to post-judgment interest on all sums including attorney fees and costs awarded in this suit.

## COUNT III: VIOLATION OF THE PUMP ACT

33.    Plaintiff incorporates by reference the allegations contained paragraphs 1 through 32 as if fully set forth herein.

34.    TransCor violated the PUMP Act by failing to provide Ms. Wertman with a private and sanitary place to express breast milk during work hours.

35.    As a result of Defendant's unlawful actions, Ms. Wertman has lost wages and benefits. Defendant willfully violated the law, and Ms. Wertman is entitled to liquidated damages.

36.    Plaintiff is entitled to an award of attorney fees and costs.

37.    Plaintiff is entitled to post-judgment interest on all sums including attorney fees and costs awarded in this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Samantha L. Wertman respectfully requests that this Court:

A.    Declare the acts and practices complained of herein are in violation of Title VII, the PWFA, and the PUMP Act;

B.    Award Plaintiff compensatory damages for emotional distress, pain and suffering;

C.    Award Plaintiff punitive damages;

D.    Award Plaintiff liquidated damages;

E.    Award Plaintiff reasonable attorney's fees and costs;

F.    Grant such other and further relief as the Court deems just and proper.

G.    Plaintiff demands a jury trial.

Respectfully submitted,

*s/      Patricia A. Podolec*
Patricia A. Podolec, OBA # 21325
10601 S. Western, Suite 119
Oklahoma City, OK  73170
Phone:        405-703-4431
Cell:   405-760-3358
Fax:   405-400-8784
ppodolec@podoleclaw.com