IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA L. WERTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-962-D |
| TRANSCOR AMERICA, LLC, a wholly owned subsidiary of CORECIVIC, INC., | ) ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is Defendant's Unopposed Motion to Set Aside Entry of Default [Doc. No. 9], requesting that the Court set aside the Clerk's Entry of Default [Doc. No. 7], entered on December 24, 2025. Also before the Court is Defendant's Motion for Leave to File Original Answer [Doc. No. 10], which Defendant has marked as unopposed in the ECF docket entry.

An entry of default may be set aside for good cause. FED. R. CIV. P. 55(c). A court may consider, among other factors, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (citation omitted). "These factors are not 'talismanic,'" and the Court does not have to consider them all and may consider others. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 178 (10th Cir. 1995).

Considering these factors and the Court's general disfavor of default judgments, the Court finds that vacating the Clerk's Entry of Default is appropriate. Nothing in the record indicates that Defendant's failure to answer timely was willful or in bad faith. Further,

Plaintiff will not be prejudiced, at least not in the manner contemplated by Rule 55(c). *See SecurityNational Mortg. Co. v. Head*, No. 13–cv–03020–PAB–BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [her] to prove [her] case.") (internal quotation marks omitted). Finally, Defendant's proposed Answer [Doc. No. 9-3] reflects that Defendant has alleged "factual circumstances surrounding the dispute, [that], if true, would constitute a defense to the action." *Id*. (citation omitted).[1]

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Set Aside Entry of Default [Doc. No. 9] is **GRANTED**. The Clerk's Entry of Default [Doc. No. 7] against Defendant is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's unopposed Motion for Leave to File Original Answer [Doc. No. 10] is **GRANTED**. Defendant shall file its proposed Answer to Plaintiff's Complaint [Doc. No. 1] on or before February 13, 2026. Defendant shall also file a Corporate Disclosure Statement by the same deadline. *See* LCvR7.1.1.

**IT IS SO ORDERED** this 9th day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Of course, the fact that Defendant's motion to set aside is unopposed by Plaintiff factors heavily into the Court's determination.